PER CURIAM:
On or about July 27, 1990, at approximately 4:00 p.m., claimant Michael C. Dempsey, was operating a 1982 Honda 500 motorcycle along U.S. Route 199 and encountered a hole in the road. The hole is alleged to have been "eight inches wide, five to six inches deep, about five feet long." Claimant lost control of the motorcycle and slid for a few feet. Claimant was injured, but is not seeking medical damages as they were paid by a collateral source. The motorcycle was titled in the name of Wallace D. Dempsey, co-claimant, the father of the 18-year-old claimant.
Claimant Michael C. Dempsey stated that he had acquired the 500 series motorcycle a short time before the accident. He testified that this was the first time he had driven a "street motorcycle” on a highway. His prior experience was limited to a lesser powered "trail bike." The weather was clear and dry as claimant was traveling at 45 miles per hour in an area of Route 119 that he testified "was being repaired." Claimant believed the repairs to the road, included resurfacing, had been completed two days earlier. Unfortunately, the repairs were not completed or were inadequate, as cracks and holes remained in the road surface. Claimant seeks damages in the amount of $1,988.98 as the motorcycle was declared a total loss. Claimants allege that they had no prior knowledge that the defect was present, since the road had recently been repaired. No warning signs were posted in the accident area to indicate otherwise.
Respondent contends that claimant Michael C. Dempsey simply failed to exercise caution when he encountered the area. Adkins v. Sims, 130 W.Va. 645, S.E.2d 81 (1947) holds that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. For the respondent to be hold liable for damage caused by a defect of this sort, it must *147 have had actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). Testimony suggests that respondent did have notice of the dangerous condition of the described road, but had inadequately completed repairs two days before the accident. Accordingly, but for respondent negligent repair of the road surface, this accident may not have occurred. Claimants have met their burden of proof and are entitled to recover damages.
However, this Court is of the further opinion that claimants must shoulder some responsibility for this accident. It appears to this Court that the speed of travel may have been too great for an area of road known to be undergoing repair. Furthermore, the speed appears excessive for an unsupervised 18-year-old first time operator of an unfamiliar, large and powerful motorcycle on a highway. It is therefore the finding of the Court that claimants were 20% at fault and respondent was 80% at fault for this accident. The Court also finds that claimant has not established with requisite specificity what a fair value for the loss of the motorcycle is. The Court may not speculate as to this value. Accordingly, claimant's testimony of "$600.00" as the amount he paid when he purchased the 9 -year-old motorcycle, is the value of the loss. Applying comparative negligence to the amount of $600.00, a 25% finding of fault reduces the intended award to the amount of $450.00.
Award of $450.00